**Yuni PUSPITASARI; Danny Wahyudi, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–4663.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Nov. 8, 2006.

Filed: Dec. 1, 2006.

Sigang Li, Philadelphia, PA, for Petitioners.

Marion E. Guyton, Richard M. Evans, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

BEFORE: SLOVITER, CHAGARES, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Yuni Puspitasari and Danny Wahyudi are a married, Christian couple from Indonesia. Puspitasari applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis of religious persecution. Her husband submitted a derivative application. They petition this Court for review of a final order of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") denying their applications. Because we find that the IJ's decision is supported by substantial evidence, we will deny the petition.

## I.

As we write only for the parties, our summary of the facts is brief.

Puspitasari and Wahyudi were married in Indonesia in 1999. Wahyudi arrived in the United States in July of 2000, and Puspitasari arrived in February of 2001, both with authorization. Petitioners concede that they overstayed their visas and acknowledge their removability.

Petitioners applied for asylum in 2003, claiming religious persecution in Indonesia. They testified that they did not apply for asylum earlier because they did not have information about asylum.

In Puspitasari's application for asylum, she claimed economic crisis led to riots, demonstrations, and anti-Christian sentiment in Indonesia. At the hearing before the IJ, she described two incidents which she said were the worst examples of her persecution in Indonesia. First, she stated that she was robbed on December 23, 2000, while she and her mother-in-law were shopping. Second, she stated that, while she was at church on December 24, 2000, she learned that a bomb had been placed in a plastic bag in the back row. As she ran from the church, she heard something explode. She stated that she scratched her arm while running from the church. She did not include these two incidents in her asylum application.

In Wahyudi's application for asylum and in his testimony before the IJ, he stated that in 1998, someone threw something at the windows of his church while he attended services with Puspitasari. Additionally, Wahyudi stated that riots occurred outside his workplace and he was mugged one evening on the way home from work. Because of this, he did not return to his office and sought out a different job.

Wahyudi came to the United States before his wife, and he testified that he learned from talking to his wife on the telephone that there was a bomb at the church where she attended Christmas Eve services. Wahyudi first said that the incident at his wife's church occurred in 1999, but then, upon further questioning, he said that it happened in 2000. Wahyudi stated that the bomb did not explode, but that his wife was scared because she knew a bomb was in the church.

The IJ denied Petitioners' claims in an oral decision dated January 18, 2005. The IJ found the application for asylum untimely without extraordinary or changed circumstances to justify the delay.

The IJ noted credibility problems with Puspitasari's testimony since she did not describe what she considered the worst examples of her persecution until her individualized hearing. Even fully crediting Petitioners' testimony, the IJ concluded that Petitioners failed to establish that they had suffered past persecution or will suffer future persecution. The IJ accordingly denied their application for withholding of removal. Additionally, the IJ denied relief under CAT because "[a]lthough some abuses do occur in Indonesia arising to the level of torture, there is no evidence in this record that either or both of these respondents would likely be detained, let

alone tortured, by the government or someone working with the agreement of the government of Indonesia."

Petitioners appealed. The BIA adopted and affirmed the IJ's opinion on September 21, 2005. Petitioners thereafter filed this petition for review.

## II.

■ When the BIA adopts an IJ's opinion, we review the opinion of the IJ. *Zhang v. Gonzales,* 405 F.3d 150, 155 (3d Cir. 2005). Where, as here, the IJ finds that the application for asylum was filed more than one year after arrival, and the IJ does not find that there is justification for such delay, we do not have jurisdiction to review that aspect of the IJ's decision. *Sukwanputra v. Gonzales,* 434 F.3d 627, 635 (3d Cir.2006); *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003).

We do have jurisdiction to review the IJ's decision denying withholding of removal and relief pursuant to CAT. For the IJ to have withheld removal, petitioners needed to establish that, more likely than not, they would suffer persecution on account of their religion or other specific grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). Similarly, for the IJ to have granted relief under CAT, petitioners needed to establish that, more likely than not, they would be tortured. *See Zubeda v. Ashcroft,* 333 F.3d 463, 469–70, 471–72 (3d Cir.2003) (describing the applicant's burden in seeking withholding of removal and relief under CAT).

Our review of the IJ's decision is extremely deferential. We will affirm if the IJ's decision is supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will reverse only if we find that the record "not only *supports* that conclusion, but *compels* it." *Id.* at 481 n. 1, 112 S.Ct. 812 (emphasis in original).

## III.

■ A thorough review of the record, including the Country Report, leads us to conclude that substantial evidence supports the denial of Petitioners' CAT and withholding of removal claims. Petitioners testified that they each experienced two incidents: a robbery and an attack on their church. It was not unreasonable for the IJ to conclude that these incidents did not rise to a level of harm that constitutes either persecution or torture. Examining the evidence presented, we are not compelled to conclude that Petitioners established a clear probability of persecution or torture and, therefore, we must deny the petition.

In Petitioners' brief to this Court, they claim Puspitasari fears persecution because her ethnicity is Chinese in addition to her religion being Christianity. Petitioners did not claim persecution on the basis of Puspitasari's Chinese ethnicity in prior proceedings. As a result, we do not have jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(d)(1); *Abdulrahman v. Ashcroft,* 330 F.3d 587, 594–95 (3d Cir. 2003).

## IV.

For the foregoing reasons, we deny the petition.